Jack POWELL, Plaintiff,

v.

**PENNSYLVANIA HOUSING FINANCE AGENCY, Defendant.**

Civ. A. No. 81–0081.

United States District Court,
M.D. Pennsylvania.

March 4, 1983.

H. Wesley Mitchell, Harrisburg, Pa., for plaintiff.

Marybeth A. Stanton, Deputy Atty. Gen., Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Jack Powell, the plaintiff, has filed an action alleging that the Pennsylvania Housing Finance Agency discriminated against him by rejecting his applications for employment because of his race, sex and religion. The discrimination is allegedly in violation of 42 U.S.C. §§ 1981, 1983, 42 U.S.C. § 2000e and the fourteenth amendment.

On January 3, 1983, the defendant moved to strike the plaintiff's demand for a jury trial. A pretrial conference was held in this case on Friday, January 4, 1983. At the pretrial conference the issue of the jury demand was discussed, but was left unre-solved pending the filing of the plaintiff's response to the defendant's motion. Local Rule 401.6 gives a party opposing a motion fifteen (15) days from service of the movant's brief to file a response. The plaintiff's time to file his response was up on or about January 21, 1983 (three days for service by mail plus fifteen days by the Local Rule). No response was filed by January 21, 1983. Technically, the defendant's motion to strike jury demand should be deemed as unopposed. Local Rule 401.6. On February 7, 1983, the plaintiff filed a document entitled "Brief in Support of Plaintiff's Request for Compensatory Damages, Punitive Damages, Trial by Jury." In part, this brief responded to the defendant's motion to strike the plaintiff's jury demand. Although the response is untimely this court will consider it in making a decision on the defendant's motion. Local Rule 103.

The issue of whether the plaintiff is entitled to a jury trial will be resolved by determining whether the relief sought raises legal as opposed to equitable claims. If the plaintiff is seeking equitable relief only, then he is not entitled to a jury trial. *Dairy Queen v. Wood,* 369 U.S. 469, 477–78, 82 S.Ct. 894, 899–900, 8 L.Ed.2d 44 (1962).

The plaintiff's claims under Title VII, 42 U.S.C. § 2000e *et seq.,* are equitable in nature and do not raise a jury trial right. *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979). The claim for instatement as an employee of the defendant is a form of injunction and therefore equitable. *Gurmankin v. Costanzo,* 626 F.2d 1115, 1120–21 (3d Cir.1980). The request for fringe benefits and attorney's fees are also equitable. *See Id.*

In the plaintiff's second amended complaint filed on August 18, 1981, he requested the following relief:

1. Back wages from June 1979 to present together with all fringe benefits due Plaintiff from that date;

2. Employment of Plaintiff as an Affirmative Action Officer;

3. Because the actions and neglect of the Defendant was (sic) malicious, wanton and oppressive; punitive damages in the sum of $100.(sic)000.00;

4. Reasonable attorney's fees and all cost;

5. Any other and different relief which the Court may deem equitable, necessary or appropriate.

The claims in 2 and 4 above are equitable and do not raise a right to a jury trial.

The defendant argues that the claim for punitive damages is so insubstantial that the request for punitive damages should be stricken. The defendant cites to the case of *Hildebrand v. Board of Trustees of Michigan State University*, 607 F.2d 705 (6th Cir.1979), in which the district court struck a punitive damage claim because it had become clear that no genuine issue of material fact existed and summary judgment should be granted in favor of the defendant. *Id.* at 710. Once the claim was stricken, then no legal issue remained and the jury demand was also deleted. *Id.*

The Court of Appeals for the Sixth Circuit assumes that the district court was correct in determining that the damages were insubstantial. *Id.* at 709. It goes on to say that the plaintiff's right to control the question of whether a jury trial must be conducted does "not extend to a case where the actual or punitive damages counts are frivolous or clearly not meritorious." *Id.* The standard the Sixth Circuit adopted to determine whether a damages count was substantial or not was the one contained in Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 710.[1] The Rule is, of course, that if no issues of material fact exist, then the court may decide the issue on legal

grounds. *Id.* If the punitive damages claim is eliminated as meritless, then a jury demand might become moot. *Id.*

■ *Hildebrand* is distinguishable from the instant case in that Powell appears to have a colorable claim for punitive damages. The plaintiff's claim for punitive damages requires that facts be offered which show a pattern or practice of willful and reckless disregard for the plaintiff's rights, *Urbano v. McCorkle*, 334 F.Supp. 161, 170 (D.N.J.1971) aff'd., 481 F.2d 1400 (3d Cir.1973), or actual knowledge by defendant that a federal right was being violated, *Adickes v. Kress & Co.*, 398 U.S. 144, 233, 90 S.Ct. 1598, 1642, 26 L.Ed.2d 142 (Brennan, J. concurring in part and dissenting in part). *See Cochetti v. Desmond*, 572 F.2d 102, 106 (1978).

■ The record of the instant case does offer some alleged facts which might substantiate a punitive damage claim. For example, the plaintiff was allegedly not hired on two occasions. In the second instance he was not even called about the open position as allegedly promised. Certainly these events may be explained in a non-discriminatory way, but they might also indicate intentional discrimination. The parties disagree as to the facts surrounding this allegation and the conclusions which should be drawn from them. It would be inappropriate for this court to deprive the plaintiff of his seventh amendment right to a jury trial when he has a colorable claim for punitive damages.

In the course of the defendant's memorandum in support of its motion, the assertion is made that "requests for back pay ... are equitable in nature." Brief in Sup-

---

1. The analysis used by the Sixth Circuit is in part not clear. In a footnote the court said:

   We do not formalistically require that actual summary judgment be entered as to damages counts before trial so long as the district judge makes it clear to the parties that no jury trial will be had because the money damages claims were not meritorious when tested against F.R.Civ.Pro. 56 standards. 607 F.2d at 710 n. 6.

   If the claim for damages is "meritless" or "insubstantial" as judged against the Rule 56 standard, then it does not seem overly formalistic to expect that the defendant should move for a partial summary judgment. A summary judgment motion would give each party a full opportunity to brief the issue. The court could then act in its traditional role as adjudicator rather than *sua sponte*. When the partial summary judgment was decided, then the jury demand could be dropped if no claims for legal relief remain.

port of Defendant's Motion to Strike Plaintiff's Jury Trial Demand at 6. In support of this assertion, the defendant cites to *Gurmankin v. Costanzo,* 626 F.2d 1115 (3d Cir.1980).

The Third Circuit in *Gurmankin* allowed the granting of an award of back pay in a refusal to hire case under § 1983. *Id.* at 1121–22. In the course of reaching that conclusion, the court relied in part on *Harkless v. Sweeny Independent School District,* 427 F.2d 319 (5th Cir.1970) *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). The Third Circuit quoted the following passage from *Harkless:*

> Section 1983 was designed to provide a comprehensive remedy for the deprivation of federal constitutional and statutory rights. The prayer for back pay is not a claim for damages, but is an integral part of the equitable remedy of injunctive reinstatement. Reinstatement involves a return of the plaintiffs to the positions they held before the alleged unconstitutional failure to renew their contracts. An inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim. *Back pay is merely an element of the equitable remedy of reinstatement. Id.* 626 F.2d at 1122 (emphasis added)

The inclusion of the above passage would seem to imply that the Third Circuit understood back pay to be an equitable remedy. The quotation from *Harkless* is, however, included for another purpose; namely to show that back pay was an "appropriate" remedy under § 1983. The court says just a few paragraphs further on in the *Gurmankin* decision:

> Although backpay is appropriately classified as an equitable remedy, *see Great American Federal Savings & Loan Asso. v. Novotny,* 442 U.S. 366, 374, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979), thus falling within this precedent, even were *it considered to be an item of damages under section 1983,* the good faith of the school board officials would not be a cog-

nizable defense in a suit brought against them in their official capacities. 626 F.2d at 1123 (emphasis added).

The case of *Great American Federal Savings & Loan Assoc. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), at page 374, 99 S.Ct. at page 2350 is discussing the remedies under Title VII and it is in that context that back pay is denominated as equitable. The court, thus, leaves undecided the question of whether a claim for back pay under § 1983 is equitable or legal.

There is another reason for questioning whether the *Gurmankin* decision's use of *Harkless* applies to the instant case. The *Harkless* case held as follows:

> We conclude that these authorities teach that a claim for back pay presented in an equitable action for *reinstatement* authorized by § 1983 is not for jury consideration nor are the factual issues which form the basis of the claim for reinstatement. The Seventh Amendment does not so require. The plaintiffs' claim should have been determined by the court. The grant of jury trial was error. 427 F.2d at 324 (emphasis added)

While the case before this court involves a request for an injunction, the injunction is not to reinstate Powell, but to *instate* him in a position comparable to the one denied to him. The claim for back pay in this case is clearly designed to make Powell whole, that is to compensate him for wages he lost because of the alleged discrimination. The injunction operates prospectively and thus is a completely independent remedy from the back pay. This is distinguishable from the reinstatement case where the back pay remedy is "[a]n inextricable part of the restoration to prior status...." 427 F.2d at 324.

Further supporting the conclusion that a claim for back pay under § 1983 is a legal remedy for jury purposes are the cases of *Setser v. Novack Investment Co.,* 638 F.2d 1137 (8th Cir.) *cert. denied* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981) and *Moore v. Sun Oil Co. of Pennsylvania,* 636 F.2d 154 (6th Cir.1980). Justice Stevens wrote an opinion stating the reasons that

petition for a writ of certiorari was denied in *Setser.* He wrote:

> In suggesting that the Court is derelict in its duty to resolve the apparent conflict between the decision of the Court of Appeals in this case and the decision of the Sixth Circuit in *Moore v. Sun Oil Co. of Pennsylvania,* 636 F.2d 154 (1980), the dissenting opinion fails to mention the fact that *both courts held that the issue of liability should be decided by a jury.* The question whether the arithmetical calculation of backpay should be made by a judge or by a jury under instructions from the judge is not nearly as significant as the question whether the determination of liability should be made by a judge or a jury. 454 U.S. at 1064, 102 S.Ct. at 615 (emphasis added)

Three justices, White, Brennan and Marshall, dissented to the denial of certiorari in the *Setser* case. *Id.* at 1064–67, 102 S.Ct. at 615–617. Justice White writing for the dissent noted the following difference between *Moore* and *Setser:*

> The Court of Appeals for the Eighth Circuit [in *Setser*] ... [r]elying on *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454 [95 S.Ct. 1716, 44 L.Ed.2d 295] (1975), in which this Court held that both legal and equitable relief is available in actions brought under § 1981, and *Curtis v. Loether,* 415 U.S. 189, 194 [94 S.Ct. 1005, 1008, 39 L.Ed.2d 260] (1974), in which this Court held that "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies enforceable in an action for damages in the ordinary courts of law," the Court of Appeals concluded that respondent was entitled to a jury trial on all of his legal claims. It then held that "backpay or lost wage determinations are inherently in the nature of legal damages," 638 F.2d, at 1142, and, therefore, present an issue for the jury. The court recognized that other courts had come to a different conclusion, but distinguished this case on one factual ground—respondent did not seek reinstatement—and rejected the argument

that backpay is a form of "restitution." 454 U.S. at 1065–66, 102 S.Ct. at 616. The present case is like *Setser* in that no reinstatement is sought. Powell only seeks instatement. The conclusion to be drawn from the Supreme Court's opinions on *Setser* is that the justices seem agreed that at least in the case of a refusal to hire the plaintiff is entitled to a jury trial on his back pay claim made under § 1983.

█ Powell, the plaintiff in the instant case, has the right to a jury trial on the issue of his claim for back pay under §§ 1981 and 1983. The defendant's motion to strike the plaintiff's jury demand will be denied.

The plaintiff has one other request for relief which is legal as opposed to equitable. In his Second Amended Complaint, Powell seeks relief for "physical and emotional distress, pain and suffering" which allegedly resulted from the discriminatory actions of the defendant. Plaintiff's Second Amended Complaint at ¶ 24. The plaintiff's pretrial memorandum indicated in its damages section the following claim for relief:

> 5. Medical expenses for psychological counseling services in the treatment of Plaintiff for emotional stress caused by Defendant. Pretrial Memorandum of Plaintiff at p. 7.

The court finds the request for relief expressed in paragraph 24 of the Second Amended Complaint to be equivalent to the fifth request for relief set forth in plaintiff's pretrial memorandum.

█ A claim for mental and emotional distress is cognizable under 42 U.S.C. § 1983. *Carey v. Piphus,* 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978); *Smith v. Heath,* 691 F.2d 220, 226 (6th Cir. 1982). *See Basista v. Weir,* 340 F.2d 74, 84–88 (3d Cir.1965). Any relief granted for emotional distress would be a portion of the compensatory damages, *see* 435 U.S. at 254–264, 98 S.Ct. at 1047–1052, and would be a remedy at law. The plaintiff would thus be entitled to a jury trial on his emotional distress claim. The defendant's motion to strike the plaintiff's jury demand will be denied.