Raymond G. DAVIS, III

v.

SUPERMARKETS GENERAL CORPORATION, PATHMARK DIVISION.

Civ. A. No. 83–4915.

United States District Court, E.D. Pennsylvania.

May 7, 1984.

Stephen G. Fox, Philadelphia, Pa., for plaintiff.

Michael F. Kraemer, Paul R. Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This action is brought by plaintiff under 42 U.S.C. § 1981 against his former employer. Plaintiff alleges that he was discharged from employment with defendant for racially motivated reasons. Plaintiff seeks damages for loss of wages, injury to reputation, embarrassment, humiliation, emotional distress, and mental anguish. Plaintiff also seeks punitive damages and attorney's fees but does not seek reinstatement.

Presently before the court are two motions filed by defendant. Through these motions defendant seeks: 1) to have this court strike a jury trial demand on plaintiff's claim for back pay; and 2) to exclude or, in the alternative, to limit to the court, expert testimony concerning the loss of future wages. For the reasons stated herein the motions will be denied.

DISCUSSION

### 1. Jury Trial

■ The issue of whether a party is entitled to a jury trial is resolved by determining whether the relief sought raises legal (jury trial) or equitable claims (no jury trial). *Powell v. Pennsylvania Housing Finance Agency*, 563 F.Supp. 419, 420 (M.D. Pa.1983). A party seeking back pay but not reinstatement under section 1981 is asserting a legal claim. *See Sester v. Novack Investment Co.*, 638 F.2d 1137 (8th Cir.), *cert. denied*, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981), *modified on other grounds*, 657 F.2d 962 (8th Cir.1981) (en banc); *Powell*, 563 F.Supp. 419, 423; *Thomas v. Resort Health Related Facility*, 539 F.Supp. 630 (E.D.N.Y.1982); *but see Moore v. Sun Oil Co.*, 636 F.2d 154 (6th Cir.1980); *Mitchell v. Alex Foods, Inc.*, 572 F.Supp. 825, 827 (N.D.Ga.1983). Accordingly, plaintiff is entitled to a jury trial on the issue of back pay and defendant's motion to strike the jury trial on that claim will be denied.

### 2. Loss of Future Wages

■ Defendant seeks to prevent expert testimony concerning plaintiff's claim for loss of future wages for two reasons. Defendant asserts: 1) loss of future wages is not available as a remedy under section 1981; and 2) plaintiff is precluded from recovering lost future wages because he has not sought reinstatement.

As the Supreme Court declared in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), "... whoever establishes a cause of action under section 1981 is entitled to both legal and equitable relief, including com-

pensatory ... damages." 421 U.S. at 460, 95 S.Ct. at 1720. Compensatory damages are the damages awarded to a person as compensation, indemnity or restitution for harm sustained by him. *Restatement (Second) of Torts* § 903 (1977). A loss of future wages is a harm sustained by a person unlawfully discharged from his employment. Thus, in this section 1981 case where plaintiff does not seek reinstatement, plaintiff will be permitted to introduce evidence of future wages lost as a result of defendant's conduct.[1]

Additionally, presentation of evidence regarding the loss of future wages will not be restricted to the court. Lost wages, whether past or future, are legal damages and straightforward computations within the capabilities of juries. *See Sester*, 638 F.2d at 1142.

CONCLUSION

Plaintiff is entitled to a jury trial on his claims for lost wages, both past and future.

An appropriate Order will be entered.

ORDER

AND NOW, TO WIT, this 7th day of May, 1984, for the reasons stated in the accompanying Memorandum, IT IS ORDERED that:

1. Defendant's motion to strike the jury trial demand on plaintiff's claim for loss of wages is *denied*; and

2. Defendant's motion to exclude testimony as to the loss of future wages or, in the alternative to restrict presentation of such testimony to the court, is *denied*.

---

**1.** Of course, defendant will be permitted to rebut and cross-examine any testimony relating to the loss of future wages.