Arch Baird, Plaintiff-Appellee, v. Leonard Liepelt and Hartford Accident and Indemnity Company, Defendants-Appellants.

### Gen. No. 64–146.

Second District.

August 31, 1965.

Nathan Shefner, of Chicago, for appellants.

Russell & Bridewell, of Chicago (David A. Bridewell and Vincent P. Reilly, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

As a result of an attachment proceeding filed by Leonard Liepelt in 1956, certain real estate of Arch

Baird was levied upon and sold to Liepelt at a Sheriff's sale. The attachment affidavit filed by Liepelt alleged that Baird was a nonresident of Illinois and that he had departed the State with the intention of removing his effects. Baird was served by publication, and never appeared in the case prior to the Sheriff's sale. Thereafter, Baird filed a chancery action seeking to set aside the sale of the real estate, and also filed a petition under Section 72 of the Practice Act in the original proceeding, seeking the same relief. These actions were consolidated for trial, and Baird was successful in the trial court. The court found that both of the allegations set forth in the attachment affidavit were false, and that, therefore, the entire proceeding had been void. Liepelt appealed to the Supreme Court, which affirmed the trial court. *Liepelt v. Baird,* 17 Ill2d 428, 161 NE2d 854 (1959).

After the affirmance by the Supreme Court, Baird filed this action against Liepelt and Hartford Accident & Indemnity Company, the surety on the $2,000 attachment bond, seeking to recover the attorney's fees expended by him in setting aside the wrongful attachment. The trial court entered a summary judgment in favor of Baird on the question of liability, and set the case down for hearing on the question of damages. At the conclusion of the hearing, the court entered judgment in the total amount of $5,000 ($2,000 against Hartford; $5,000 against Liepelt, less any amount collected from Hartford), from which Liepelt and Hartford bring this appeal.

Appellants' first contention is that a successful plaintiff cannot bring an independent action to recover the attorney's fees incurred in the first action. Generally speaking, this is true. However, wrongful attachment has been recognized as a tort, and attorney's fees incurred in setting aside the attachment are a proper element of damages in the tort

156

action. Damron v. Sweetser, Caldwell & Co., 16 Ill App 339, 344, 345 (4th Dist 1885); Twidwell v. Smith, 158 Ill App 142, 145, 146 (3rd Dist 1910); First State Bank of Pond Creek v. Clark, 202 Ill App 283, 288 (1st Dist 1916); Foley Brokerage Co. v. Feldman Bros. Commission, Inc., 330 Ill App 372, 375, 71 NE2d 354 (1st Dist 1947) (garnishment); 3 ILP, Attachments, Sections 161, 169. The foregoing authorities also establish that the tort action is in addition to the right to sue on the attachment bond. Thus, Baird had an action against Liepelt in tort and against Hartford on its bond for the reasonable attorney's fees incurred in setting aside the wrongful attachment.

The cases cited by appellants for the proposition that a successful litigant cannot recover his attorney's fees in a separate action, Ritter v. Ritter, 381 Ill 549, 46 NE2d 41 (1943) and Boss v. Coe Inv. Co., 45 Ill App2d 417, 195 NE2d 735 (4th Dist 1964), are distinguishable, inasmuch as they were neither tort actions brought for wrongful attachment nor actions brought to recover under the terms of a bond.

■ Appellants' next point is that, by not claiming attorney's fees in the original chancery action brought to set aside the attachment, Baird waived the right to seek them in a later action. Appellants' theory is that, since a court of equity has power to do complete justice between the parties and determine all matters germane to the controversy, the matter of attorney's fees could have been determined by the court. We do not agree with this contention. A substantial portion of the attorney's fees incurred by Baird were attributable to the appeal taken by Liepelt from the order setting aside the attachment. The trial judge in that case was obviously not in a position to award any damages based on attorney's fees which had not as yet been incurred at the time he entered his final order. Moreover, the claim for attorney's fees is not in

157

the nature of an equitable action. It is properly the subject of an action at law, in which either party would be entitled to a jury trial. Thus, we do not believe that the matter of attorney's fees could have been resolved in the prior case. It is also to be noted that plaintiff attempted to consolidate the present action with the consolidated attachment action, but this was denied by the trial court.

Appellants' final point is that the award of $5,000 attorney's fees is not based upon the pleadings in the case. The original complaint in the instant action alleged that Baird's attorneys had undertaken the case for a contingent fee of twenty-five per cent of the market value of the property. A copy of the contract between Baird and his attorneys was attached as an exhibit to the complaint. Later, an amended complaint was filed, setting forth a supplemental agreement involving an additional contingent fee, and attaching the supplemental fee contract as an exhibit. Before the case came on for hearing, an amendment to the amended complaint was filed, alleging that Baird and his attorneys had settled on a fee of $5,000, and that Baird had paid this amount to the attorneys in full satisfaction of their fees. At the trial, evidence was offered as to the reasonable value of the services performed by the attorneys. Appellants objected to this evidence on the ground that the original contingent fee contracts set the amount of the fee, and evidence as to the reasonable value of the services was immaterial. These objections were overruled. Appellants now raise the additional point that there was a variance between the pleading and the proof, inasmuch as the exhibits to the original and amended complaints called for a contingent fee based on the value of the real estate and the proof went only to the reasonable value of the services.

■ ■ The question for the court was the reasonable value of the legal services that were necessarily required in setting aside the attachment. The contract between Baird and his attorneys was not the controlling factor. For example, if Baird had entered into a contract calling for exorbitant fees, it could not be contended that appellants would be liable for such fees simply on the basis that the contract called for them. They are only liable for reasonable and necessary fees incurred. Conversely, if Baird had obtained the legal services for less than they were reasonably worth, the defendants would be entitled to the benefit of his bargain, since they can only be liable for the damages actually sustained by Baird. In fact, however, Baird actually did pay $5,000, and the trial court found, on the basis of substantial evidence, that this was a reasonable fee for the services rendered. Appellants offered no evidence to the contrary. From our review of the record, we agree with the finding of the trial court.

We find no merit in appellants' contention that there is a variance. The amendment to the amended complaint alleged a $5,000 payment and the evidence sustained this allegation.

The judgment of the lower court is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.