William J. LYNCH, Plaintiff-Appellant,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant-Appellee.

No. 72–3782

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1973.

---

* Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

1. We cannot approve, for example, the judge's statement, that he found defendant's story incredible and did not believe it.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Arthur Massey, Miami, Fla., Jon D. Caminez, Tallahassee, Fla., for plaintiff-appellant.

Hervey Yancey, Miami, Fla., Smathers & Thompson, Miami, Fla., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

The sole issue presented by Plaintiff-Appellant in this appeal is that the trial court erred in granting the Defendant's motion to strike Plaintiff's motion for a jury trial. Plaintiff contended that he was discriminatorily discharged by his employer because of his race. Shunning the support of Title VII, 42 U.S.C.A. § 2000e, Plaintiff cast his complaint under 42 U.S.C.A. § 1981. He sought essentially reinstatement with backpay plus compensatory and punitive damages. The trial court found that the gist of the complaint was equitable, and, accordingly, denied Plaintiff's request for a jury trial. We affirm.

A claim for reinstatement is equitable in nature. The imposition of monetary damages to make the employee whole for lost backpay does not change the character of the proceeding and thereby mandate a jury trial. Harkless v. Sweeny Independent School District, 5 Cir., 1970, 427 F.2d 319; Johnson v. Georgia Highway Express, Inc., 5 Cir., 1969, 417 F.2d 1122; Smith v. Hampton Training School for Nurses, 4 Cir., 1966, 360 F.2d 577; Williams v. Travenol Laboratories, Inc., N.D.Miss., 1972, 344 F.Supp. 163. Neither may the Plaintiff —by framing his prayer under § 1981 or by making unsupported allegations for compensatory and punitive damages —unilaterally alter the genre of the proceeding.

Affirmed.