### John S. JOHNSON

v.

### SEA DRILLING CORPORATION.

### Civ. A. No. 79–1813.

United States District Court,
E. D. Louisiana.

Feb. 14, 1980.

Robert C. Brandt, Robert O. Homes, Jr., Metairie, La., for plaintiff.

Ralph J. Zatzkis, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for defendant.

## ORDER AND REASONS

DUPLANTIER, District Judge.

For the reasons below, defendant's Motion to Strike Plaintiff's Demand for Jury Trial is hereby DENIED.

Plaintiff brought this action in state court for an alleged discriminatory discharge under 42 U.S.C. § 1981.[1]  The case

---

1. § 1981. Equal rights under the law
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

was removed by defendant to this court. Plaintiff seeks to recover damages for items such as expenses in moving to accept the job, loss of wages, deprivation of a career opportunity, injury to reputation, harassment and mental anguish; he also seeks punitive damages. Plaintiff does not seek injunctive relief nor reinstatement.

Defendant relies upon *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764 (5th Cir. 1973). In *Lynch*, the plaintiff sought reinstatement with back pay plus compensatory and punitive damages. The court held that the reinstatement claim was equitable in nature, and that the addition of a claim for back pay did not "change the character of the proceeding and thereby mandate a jury trial."

Because plaintiff seeks only damages, not reinstatement, we hold that plaintiff is entitled to a trial by jury. We find support for that conclusion in the reasoning of a number of Supreme Court decisions handed down after *Lynch*.

The Supreme Court has held that Section 1981 gives rise to both "equitable and legal relief", and "that the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct and independent." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 at 460–461, 95 S.Ct. 1716 at 1720–1721, 44 L.Ed.2d 295 (1975).

In *Johnson*, the Court held that plaintiff's filing of an administrative complaint under Title VII did not toll the period of limitation applicable to an action based on § 1981. The *Johnson* Court's holding should be contrasted with the recent decision in *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). In that decision, the Court held that 42 U.S.C. § 1985(c) did not give rise to any substantive rights and thus was not an independent source of federal rights. The Court in *Novotny* specifically distinguished *Johnson* and actions under § 1981. 99 S.Ct. at 2351.

*Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), involved a suit under Title VIII, the fair housing provisions of the Civil Rights Act of 1968, 42 U.S.C. § 3612. The Court held that the Seventh Amendment entitled either party to a jury trial.

[W]hen Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law. 415 U.S. at 195, 94 S.Ct. at 1009.

We find nothing in the language of Section 1981, nor in the rights asserted or remedies sought by plaintiff, which would take this case outside of the scope of the above language. The case is simply one for damages for wrongful discharge. It is of no consequence that the alleged reason for the discharge, racial discrimination, would not have been a valid basis for a common law wrongful discharge action before the enactment of Section 1981. In *Curtis*, the Court said that a fair housing action sounds basically in tort and was "analogous to a number of tort actions recognized at common law." 415 U.S. at 195, 94 S.Ct. at 1009. Similarly, the instant action sounds in contract and is closely analogous to a common law claim for damages for breach of an employment contract.

It is true that plaintiff's action for employment discrimination under Section 1981 is more closely akin to an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, than to the Title VIII action involved in *Curtis*, and that jury trials are generally not available under Title VII. *See, e. g., Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969), and cases cited in footnote 13 of the Court's opinion in *Curtis v. Loether*, 415 U.S. 189 at 196, 94 S.Ct. 1005 at 1009, 38 L.Ed.2d 260.

The Court in *Curtis* did not, of course, have before it the issue of the availability of jury trial in Title VII actions. However, in distinguishing Title VIII, the Court contrasted that statute's general authorization of "an action for actual and punitive damages" with the language of Title VII which seems to limit actions thereunder to equitable relief.[2] There is no such limiting language in Section 1981; the statute is silent as to the remedies available.

In summary, we reason as follows: Section 1981 is a source of substantive rights separate and distinct from Title VII. *Johnson v. Railway Express Agency, supra.* Those decisions denying a right to jury trial in Title VII cases are thus inapplicable. This case "involves rights and remedies of the sort typically enforced in an action at law." *Curtis v. Loether, supra.* Therefore a jury trial is available.

**2.** 42 U.S.C. § 2000e–5(g) provides in pertinent part:

(g) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate.