No. 81–646. NOVACK INVESTMENT CO., DBA BUDIG WESTERN TRUCKING, ET AL. *v.* SETSER. C. A. 8th Cir. Certiorari denied.

Opinion of JUSTICE STEVENS respecting the denial of the petition for writ of certiorari.

In suggesting that the Court is derelict in its duty to resolve the apparent conflict between the decision of the Court of Appeals in this case and the decision of the Sixth Circuit in *Moore* v. *Sun Oil Co. of Pennsylvania*, 636 F. 2d 154 (1980), the dissenting opinion fails to mention the fact that both courts held that the issue of liability should be decided by a jury.* The question whether the arithmetical calculation of backpay should be made by a judge or by a jury under instructions from the judge is not nearly as significant as the question whether the determination of liability should be made by a judge or a jury. Moreover, since the employer in this case no longer offered employment of the type sought by petitioner, the backpay issue arose in a somewhat unusual context. I do not believe the Court has abused its discretion in declining to review this case.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

It may be unfortunate in light of the expanding size of our docket, but it remains the case that this Court is the only

---

*In *Moore* the Court held:

"Since Moore's claim for legal relief and equitable relief are both based on alleged racial discrimination and since Moore was entitled to a jury trial with respect to his legal claims, he was entitled to have a jury determine liability (i.e. whether he had been a victim of racial discrimination). 9 Wright & Miller, *Fed. Prac. & Proc.* § 2306. If the jury so determined that here was liability, it would be for the court to determine whether Moore was entitled to back pay." 636 F. 2d, at 157.

body capable of resolving conflicts between the various lower courts, both federal and state. Our obligation to resolve these conflicts is just as pressing as is the need for a uniform rule of law. In my view this is a very pressing need, and is particularly so when the conflict involves those elements that define the character of the judicial process itself. In this respect, the right to a jury trial is fundamental. It is not a tolerable rule of law that one's right to a jury trial depends upon the geographical location of the federal district court within which one files a complaint. This is precisely what is involved in this case.

Respondent unsuccessfully sought employment as a truck-driver with petitioners' trucking company. Alleging that this refusal to hire was based on racial considerations, respondent brought this suit claiming a violation of 42 U. S. C. § 1981.[1] He filed his complaint in the United States District Court for the Eastern District of Missouri. Respondent sought monetary damages for backpay, lost insurance benefits, expenses incurred in seeking alternative employment, pain and suffering, interest, attorney's fees, and costs. He moved for a jury trial. That motion was opposed by petitioners with respect to the claims for lost wages, interest, attorney's fees, and costs. The District Court, acting *sua sponte*, entered an order denying a jury trial on all issues, holding that a jury trial is not available in a § 1981 case.

The Court of Appeals for the Eighth Circuit reversed. 638 F. 2d 1137 (1981). Relying on *Johnson* v. *Railway Express Agency, Inc.*, 421 U. S. 454 (1975), in which this Court held that both legal and equitable relief is available in actions brought under § 1981, and *Curtis* v. *Loether*, 415 U. S. 189,

---

[1] Respondent also alleged that he was refused employment by petitioners in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission. Petitioners seek review of the Court of Appeals holding that § 1981 affords a cause of action for a claim based on alleged retaliation for such a filing. I do not believe that this issue merits consideration by the Court at this time.

194 (1974), in which this Court held that "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies enforceable in an action for damages in the ordinary courts of law," the Court of Appeals concluded that respondent was entitled to a jury trial on all of his legal claims. It then held that "backpay or lost wage determinations are inherently in the nature of legal damages," 638 F. 2d, at 1142, and, therefore, present an issue for the jury. The court recognized that other courts had come to a different conclusion, but distinguished this case on one factual ground—respondent did not seek reinstatement—and rejected the argument that backpay is a form of "restitution." See *Lynch* v. *Pan American World Airways*, 475 F. 2d 764 (CA5 1973); *Robinson* v. *Lorillard Corp.*, 444 F. 2d 791 (CA4 1971); *EEOC* v. *Detroit Edison Co.*, 515 F. 2d 301 (CA6 1975), vacated on other grounds, 431 U. S. 951 (1977); *Harkless* v. *Sweeney Independent School District*, 427 F. 2d 319 (CA5 1970).[2]

Even accepting the relevance of the factual distinction drawn by the Court of Appeals, respondent would not have received a jury trial had he filed his complaint in the Sixth Circuit. In *Moore* v. *Sun Oil Co. of Pennsylvania*, 636 F. 2d 154 (1980), the Court of Appeals for the Sixth Circuit confronted exactly the same factual situation as presented by this case. It reached a conclusion that directly conflicts with that reached by the Eighth Circuit:

> "In the instant case, Moore is seeking 'back pay' although he is not seeking the equitable relief of reinstatement by means of an injunction. However, 'back pay,' under the law of this circuit, is equitable relief, and

---

[2] The Court of Appeals granted rehearing en banc, limited to the question of the permissibility under § 1981 of race-conscious affirmative-action plans designed to remedy racial imbalance in a private employer's work force. The conclusions of the court on this issue are not relevant to the issues presented in the petition for certiorari.

therefore the parties are not entitled to a jury trial with respect to such issue even though reinstatement is not sought." *Id.*, at 156.

Mr. Moore and Mr. Setser sought relief under the same federal statute and were entitled to the same judicial procedure for resolution of their claims. There should be no such a thing as "the law of this circuit" with respect to an issue as fundamental as the right to a jury trial. I would grant the petition and set the case for plenary consideration.