719 F.2d 1325
 Robert LECHMAN, David Harris and 3-S Board Brokers, Inc.,
Plaintiffs-Appellants,
v.
ASHKENAZY ENTERPRISES, INC., Arnold Ashkenazy, Severyn
Ashkenazy, Alexis Hrundis, Gary Nielson, Albert
Kallis and Mark Sussman, Defendants-Appellees.
 No. 82-2823.
 United States Court of Appeals,
Seventh Circuit.
 Sept. 30, 1983.
 
 Before PELL and CUDAHY, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.*ORDER
 
 
 1
 On consideration of the petition for rehearing filed in the above-captioned case by appellants, all of the judges on the original panel have voted to deny a rehearing.
 
 
 2
 It is ORDERED, therefore, that the petition for rehearing is DENIED.
 
 
 3
 The appellees have filed a motion for an award of additional attorneys' fees incurred in defending this appeal. They appear to advance two grounds in support of this motion. The first, the claim that a party awarded attorneys' fees at trial is entitled to fees incurred in defending that award on appeal, is not convincing. While such may be the law when fees are awarded under the Civil Rights Attorney's Fees Awards Act, see e.g. Bond v. Stanton, 630 F.2d 1231 (7th Cir.1980), cert. denied sub nom. Blinzinger v. Bond, 454 U.S. 1063, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981), it is not the law when attorneys' fees have been awarded on some other basis. Rather, in a case such as this the "American" rule applies, and each side must bear its own attorneys' fees. See McCandless v. Great Atlantic and Pacific Tea Co., Inc., 697 F.2d 198 (7th Cir.1983).
 
 
 4
 The second argument is equally unconvincing. The court below awarded fees because appellees had been subject to wrongful attachment by appellants, and Illinois law treats wrongful attachment as a tort. One element of the damages recoverable in a claim based on wrongful attachment is the attorneys' fees incurred in setting aside the attachment. Baird v. Liepelt, 62 Ill.App.2d 154, 210 N.E.2d 1 (1965). Similarly, fees incurred in an appeal involving whether the attachment was proper may be recovered. Id. Appellees cite Baird v. Liepelt, supra, as if the case allows an award of fees whenever an appeal involves an award of fees incurred as a result of wrongful attachment. Baird, however, involved an appeal concerning the merits of the attachment, and Illinois law clearly contemplates that fees incurred during litigation over the attachment are a proper element of damages. The appeal before us did not involve whether the attachment had been proper, but whether the district court erred in awarding fees. As with any other tort action, fees incurred in defending the trial court's award are not considered a part of the damages caused by the tort, although they undoubtedly diminish the recovery.
 
 
 5
 For the foregoing reasons, the petition for an award of attorneys' fees incurred in this appeal is DENIED.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, is sitting by designation