Vanessa MITCHELL, Plaintiff,

v.

ALEX FOODS, INC., Defendant.

Civ. A. No. C82–2540A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 17, 1983.

Neil L. Heimanson, Atlanta, Ga., for plaintiff.

Gloria J. Shanor, Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brought this action against her former employer, Alex Foods, Inc. claiming race discrimination in employment in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Presently pending before this court is defendant's Motion to Strike the Plaintiff's Demand for a Jury Trial.

■ It is well settled law that there is no right to a jury trial under any circumstances in cases arising under Title VII. *Great American Federal Savings & Loan Association v. Novotry,* 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969). The reasoning for this rule is that any relief sought under Title VII is incidental to, and thus an integral part of, the equitable remedy of reinstatement in light of the statutory language: "the court may ... order such affirmative action as may be appropriate, which may include, but not limited to, reinstatement or hiring of employees, with or without back pay ..., or any other equitable relief...." 42 U.S.C. § 2000e–5(g); *see Johnson, supra.*

Without the right to a jury trial under Title VII, the viability of plaintiff's jury demand must turn on the availability of a jury trial under 42 U.S.C. § 1981 ("section 1981"). The specific question for the court is whether the relief sought by plaintiff, back pay and reimbursement for lost bene-

fits, is legal (creating an issue for a jury) or equitable (creating an issue for the court).

### A. Back Pay

■ There is no question that plaintiff would have not been entitled to a jury trial had she demanded reinstatement along with her back pay. *Lynch v. Pan American World Airways,* 475 F.2d 764 (5th Cir.1973). However, because plaintiff does not seek reinstatement, this case presents the controversial issue of whether back pay alone can be properly characterized as legal under section 1981.

The two circuit courts which have directly addressed this issue are in disagreement. The Sixth Circuit holds that back pay under section 1981 is equitable relief even when reinstatement is not sought. *Moore v. Sun Oil Co. of Pennsylvania,* 636 F.2d 154 (6th Cir.1980). The Eighth Circuit, on the other hand, holds that back pay under section 1981 is more appropriately characterized as a compensatory, legal remedy when reinstatement is not sought.[1] *Setser v. Novack Investment Co.,* 638 F.2d 1137 (8th Cir.), modified on other grounds, 657 F.2d 962 (8th Cir.), *cert. denied,* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981). The United States Supreme Court has declined to resolve this apparent conflict, saying that in both these cases the issue of liability was held to be a jury issue, which was more significant than whether damages were determined by a judge or by a jury.[2] *Novack Investment Co. v. Setser,* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981).

Neither the Fifth Circuit or the Eleventh Circuit has ruled explicitly on the proper characterization of an action for back pay without reinstatement under section 1981. However, the Fifth Circuit, in opinions with

---

1. The Ninth Circuit has addressed the similar issue of whether under section 1981 back pay *in addition to injunctive relief* (other than reinstatement) is equitable, and concluded that it can be viewed as either equitable or legal, but even if it is considered legal, it is incidental to an equitable cause of action and not sufficient to create a right to a jury trial. *Williams v.*

*Owens-Illinois, Inc.,* 665 F.2d 918, 928 (9th Cir. 1982).

2. In both cases, the courts found a legal issue for the jury because the plaintiff had sought punitive and compensatory damages. *Moore,* 636 F.2d at 157; *Setser,* 638 F.2d at 1139. (In this case, plaintiff has not requested either punitive or compensatory damages.)

precedential value for the Eleventh Circuit,[3] has *implicitly* adopted the rule that a section 1981 action for back pay without reinstatement is equitable in nature. For example, in *United States v. United States Steel Corp.,* 520 F.2d 1043 (5th Cir.1975), *cert. denied,* 429 U.S. 817, 97 S.Ct. 61, 50 L.Ed.2d 77 (1976), the Fifth Circuit affirmed the denial of a jury trial in an action for back pay and injunctive relief (not reinstatement) brought under both section 1981 and Title VII, stating simply that "the [plaintiff's] request for a trial by jury has been foreclosed in this circuit by [*Johnson v. Georgia Highway Express, Inc., supra*]." The court apparently analogized section 1981 to Title VII in finding *Johnson,* a Title VII case, controlling for the back pay claim under both statutes. With such an analogism, this court must infer that the Fifth Circuit considered the back pay claim under section 1981 to be equitable.

In *Whiting v. Jackson State University,* 616 F.2d 116 (5th Cir.1980), the court stated in a footnote that:

> A claim for back pay under ... Title VII is equitable rather than legal in nature. [Cite omitted]. A similar result has been reached when the request for back pay was brought pursuant to 42 U.S.C. 1981 (1976). [Citing *Lynch v. Pan American World Airways, supra*].

*Id.* at 122 n. 3. The court evidently interpreted *Lynch* to mean that back pay alone under section 1981 is an equitable remedy despite the fact that in *Lynch* the plaintiff had sought back pay *in addition to reinstatement.*[4]

Without a more direct ruling on the proper characterization of a back pay claim under section 1981, this court must assume from the Fifth Circuit's remarks in *Whiting* and *United States Steel Corp.* that this circuit considers such a claim to be equitable just as it considers a back pay claim under Title VII to be equitable.

The assumption that Title VII and Section 1981 are treated as analogous in this circuit has been made before by this court. For example *Grimes v. Pitney Bowes, Inc.,* 480 F.Supp. 1381 (N.D.Ga.1979), this court observed, "it is well settled in the Fifth Circuit that the relief awarded in Title VII suits, *even where § 1981 claims are appended,* is equitable in nature and that a jury trial is not mandated. [citing *Lynch*]." *Id.* at 1387 (emphasis added). Similarly, in *Goodlett v. Rhodes Furniture Co.,* 26 F.E.P. Cas. 1400 (N.D.Ga.1981), this court stated that "[i]t has long been clear in this Circuit that claims for back pay and injunctive relief, even when joined with section 1981 claims, are equitable in nature and carry with them no right to a jury trial. [citing *Lynch* and *Johnson.*]" 26 F.E.P.Cas. at 1402.

In sum, the court must conclude that in this circuit plaintiff has no right to a jury trial on the issue of back pay under section 1981 as that relief is equitable in nature. If plaintiff is entitled to a jury trial at all, such entitlement must come from her claim for reimbursement of lost benefits.

### B. *Lost Benefits*

The lost benefits which plaintiff seeks to recover are "lost pension, social security, experience and training opportunities and other lost benefits." Complaint, Paragraph 7. The court finds that such relief is equitable in nature. As the Eleventh Circuit has said:

> [T]he compensatory damages ban [in Title VII suits] does not include concomitants of employment such as fringe benefits, pension benefits, or other lost work benefits. . . .

---

**3.** *See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

**4.** This interpretation is reasonable but not mandatory. In *Lynch,* the court had said:

> A claim for reinstatement [under section 1981] is equitable in nature. The imposition of monetary damages to make the employee whole for lost backpay does not change the

character of the proceeding and thereby mandate a jury trial. [citing *Johnson, supra*] . . . .

475 F.2d at 765. This could have just as easily been construed to mean that a claim for back pay is equitable *if* it is appended to a claim for reinstatement.

*Walker v. Ford Motor Co.,* 684 F.2d 1355, 1364 (11th Cir.1982). Thus, in this circuit restoration of lost work benefits are not considered compensatory, but rather equitable, in nature. *Also see Whiting v. Jackson State University, supra,* 616 F.2d at 122 n. 3 ("An order of restoration of lost benefits is equitable because it is in the nature of an injunction.")

CONCLUSION

Plaintiff is not entitled to a jury trial for any of the relief she seeks under section 1981. Defendant's Motion to Strike Plaintiff's Demand for a Jury Trial is therefore GRANTED.