726 F.2d 1358
 34 Fair Empl.Prac.Cas. 1, 33 Empl. Prac. Dec.
P 34,163
Mark F. WARSOCKI, Appellant,
v.
CITY OF OMAHA, Nebraska, A Municipal Corporation; Michael
Boyle, Mayor; Gary Troutman, Personnel Director; Joseph
Friend, Public Safety Director, Vernon Van Scoy, Fire Chief;
Bernie Simon, City Council President; Walter Calinger,
City Councilman; Fred Conley, City Councilman; Connie
Findlay, City Councilwoman; David Stahmer, City Councilman;
Steve Tomasek, City Councilman; Sylvia Wagner, City
Councilwoman, Appellees.
 No. 83-1186.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 10, 1983.
Decided Feb. 17, 1984.
 
 Dennis P. Lee, Thompson, Crounse & Pieper, Omaha, Neb., for appellant.
 James E. Fellows, Omaha, Neb., for appellees.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Appellant Mark F. Warsocki, a white male, brought an action under 42 U.S.C. Sec. 1983 and the fifth and fourteenth amendments against appellees City of Omaha and certain city officials alleging reverse discrimination resulting from the City's failure to hire him for a firefighter position. The City asserted the defense that the action of which appellant complained was taken pursuant to a bona fide affirmative action plan. The district court[1] granted appellees' motion to dismiss at the close of appellant's case. Warsocki appeals from the order of dismissal. We affirm.
 
 
 2
 Appellant applied for a firefighter position with the City of Omaha in August, 1979. After passing the written examination and the physical fitness test he was placed on an eligibility list that ranked applicants according to their scores on the two tests and any veterans' preference points awarded. Appellant ranked fifty-seventh out of 338 applicants placed on the eligibility list.
 
 
 3
 The Omaha Fire Division notified the City Personnel Department that it had openings for thirty additional firefighters. Pursuant to a provision of civil service law, the Personnel Department submitted a referral list to the Fire Division containing the names of sixty-one applicants formerly on the eligibility list.[2] Although appellant ranked fifty-seventh, his name was not transferred from the eligibility to the referral list as a result of the Personnel Department's compliance with an existing affirmative action plan that required that forty per cent of the applicants placed on a referral list be "protected class individuals," that is, members of minority groups or women. Use of the forty per cent referral figure in the instant case resulted in a referral list containing the names of twenty-five protected class individuals, only three of whom ranked higher than appellant on the eligibility list. Twelve of the referred individuals ultimately hired as firefighters were members of minority groups. These twelve individuals ranked on the eligibility list as follows: 50, 68, 79, 127, 163, 239, 240, 253, 255, 256, 268, and 303.
 
 
 4
 After failing to secure employment with the Fire Division appellant brought the instant suit. In dismissing, the district court stated,
 
 
 5
 [T]he evidence here is clear that defendant's treatment of plaintiff was a direct consequence of the defendant's implementation of a bona fide affirmative action plan and there is no evidence that the plan was not remedial or that it exceeded a remedial purpose.
 
 
 6
 Warsocki v. City of Omaha, No. 81-0-454, slip op. at 3 (D.Neb. Jan. 14, 1983) (order of dismissal).
 
 
 7
 On appeal, Warsocki initially asserts that he established a prima facie case of reverse discrimination in hiring under the applicable parts of the four-part test of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). He contends that the City failed to rebut the inference of discrimination arising from his prima facie case since it advanced only racial considerations in explaining its failure to hire him.
 
 
 8
 Second, appellant argues that the requirement that forty per cent of the applicants placed on the referral list be members of minorities contravenes the plan's objective of "assist[ing] all persons, without regard to race ... to qualify solely on the basis of merit and fitness." In addition, he contends that application of the forty per cent referral formula results in unconstitutional discrimination against white persons since the affirmative action plan was not adopted to redress the effects of past discrimination. Finally, he asserts that there is no foundation for the forty per cent referral figure.
 
 
 9
 In Setser v. Novack Investment Co., 657 F.2d 962, 968 (8th Cir. en banc), cert. denied, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981), this court stated,
 
 
 10
 [I]n a reverse discrimination case, where the evidence shows that plaintiff's treatment by the employer was pursuant to a bona fide affirmative action plan, the satisfaction of the four part McDonnell test will not necessarily show a prima facie violation. This must follow because a race-conscious choice by reason of a remedial affirmative action plan is legitimate under title VII or section 1981.[3]
 
 
 11
 The determination whether appellant in the instant case established a prima facie case, then, hinges on the existence of a bona fide affirmative action plan.
 
 
 12
 To establish the bona fide nature of an affirmative action plan an employer must show that "its affirmative action program was a response to a conspicuous racial imbalance in its work force and is remedial." Setser v. Novack Investment Co., 657 F.2d at 968; see Valentine v. Smith, 654 F.2d 503, 508 (8th Cir.), cert. denied, 454 U.S. 1124, 102 S.Ct. 972, 71 L.Ed.2d 111 (1981). An employer in a reverse discrimination suit also has the burden of showing that its affirmative action plan is substantially related to the objective of remedying past discrimination. Valentine v. Smith, 654 F.2d at 510.[4] In this regard, the court in Valentine stated,
 
 
 13
 A race-conscious affirmative action program is substantially related to remedying past discrimination if (1) its implementation results or is designed to result in the hiring of a sufficient number of minority applicants so that the racial balance of the employer's work force approximates roughly, but does not unreasonably exceed, the balance that would have been achieved absent the past discrimination; (2) the plan endures only so long as is reasonably necessary to achieve its legitimate goals; (3) the plan does not result in hiring unqualified applicants; and (4) the plan does not completely bar whites from all vacancies or otherwise unnecessarily or invidiously trammel their interests.
 
 
 14
 Id.
 
 
 15
 In the instant case, the district court found that although other evidence demonstrates a racially imbalanced work force in the Omaha Fire Division, statistical evidence alone supported this finding. Moreover, the court found that the plan is remedial. In addition, the district court determined that the forty per cent referral formula was reasonably related to the plan's objective[5] and that the plan did not unnecessarily trammel the rights of nonminority applicants. The trial court concluded that "defendant's treatment of plaintiff was a direct consequence of the defendant's implementation of a bona fide affirmative action plan and there [was] no evidence that the plan was not remedial or that it exceeded a remedial purpose." Warsocki v. City of Omaha, supra. After determining that the City of Omaha's affirmative action plan was bona fide, the court dismissed the action pursuant to this court's direction in Setser, 657 F.2d at 969.
 
 
 16
 We agree that the City of Omaha met its dual burden and that appellant failed to show that some reason other than a remedial one motivated the City when implementing the affirmative action plan or that the plan adopted unreasonably exceeds its remedial purpose.
 
 
 17
 Therefore, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Albert G. Schatz, United States District Judge, District of Nebraska
 
 
 [2]
 The Personnel Department was required by law to submit a referral list containing twice as many names as available firefighter positions
 
 
 [3]
 No Eighth Circuit cases directly address the question whether a race-conscious affirmative action plan is permissible under 42 U.S.C. Sec. 1983. It appears, however, that Setser v. Novack Investment Co., 657 F.2d 962, 966-67 (8th Cir. en banc), cert. denied, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981), provides strong support for a determination that such a plan is legitimate under section 1983
 
 
 [4]
 In the context of a reverse discrimination suit brought under 42 U.S.C. Sec. 1981, this court stated that the employer must show that its affirmative action plan is reasonably related to the plan's remedial purpose. Setser v. Novack Investment Co., 657 F.2d at 968. Although the court in Valentine used the phrase "substantially related," its definition of this phrase is consistent with the reasonableness standard adopted by the court in Setser
 
 
 [5]
 A goal of 9.2 per cent minority employment had been set by the affirmative action plan