**Delois EARLIE, Plaintiff-Appellant,**

v.

**Barry JACOBS, John Tatum, and Hermann Hospital, Defendants-Appellees.**

No. 84–2059.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1984.

Cooper & Cooper, Gordon R. Cooper, II, Houston, Tex., for plaintiff-appellant.

Fulbright & Jaworski, A.L. Dent, III, Houston, Tex., for defendants-appellees.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff, DeLois Earlie, sued defendant hospital alleging racial discrimination in employment in violation of 42 U.S.C. § 1981. Plaintiff claimed actual damages of $165,000.00, punitive damages of $150,000.00, and injunctive relief including reinstatement and back pay. Plaintiff's request for a jury trial was denied, along with a subsequent motion to amend her complaint. After a trial to the court, the district court found for the defendants. Plaintiff appeals two issues. First, she contends it was error to grant defendant's motion to strike her jury demand. Second, she urges that the district court abused its discretion by denying her request to amend her complaint. We affirm.

I. *The Facts*

DeLois Earlie, a black female, was initially employed as a staff pharmacist for Hermann Hospital during 1978. Two years later she was transferred to the hospital's out-patient pharmacy, where she was supervised by James Jones, a Caucasian male. Both Earlie and Jones filled and dispensed prescriptions for defendant's out-patients.

In September, 1981, Mrs. Laura Orebo suffered a stroke and was admitted to Hermann Hospital. At the time of her release, her physician, Dr. Grotta, wrote four prescriptions for Mrs. Orebo. Mrs. Laura Lee Bowles, Ms. Orebo's daughter, took the prescriptions to the Hermann Hospital outpatient pharmacy to be filled.

Mrs. Bowles testified that she handed the prescriptions to James Jones, who was working inside the pharmacy area with DeLois Earlie. Mrs. Bowles did not see either Jones or Earlie fill the prescriptions or type the labels.

One of the prescriptions prepared in defendant's out-patient pharmacy was for a drug known as coumadin. The instruction on the vial read: "Take 1 tablet every 6 hours." The label also revealed the date of the prescription, "9/23/81," and the typed letters "de."

On October 7, 1981, Mrs. Orebo was readmitted to Hermann Hospital. After Dr. Grotta asked Mrs. Bowles about the medication he had prescribed for Mrs. Orebo, Mrs. Bowles returned home and brought the vial of coumadin to Dr. Grotta. After reading the label he went to the out-patient pharmacy and asked a supervisor to pull the coumadin prescription from the files. He then asked the supervisor to read out loud the instructions on the prescription, which revealed that coumadin was to be administered once a day. Dr. Grotta then showed the supervisor the coumadin bottle, which carried the "1 tablet every 6 hours" instruction. He reported the incident to Mr. J. Barry Jacobs, director of Pharmaceutical Services at Hermann Hospital.

Jacobs explained the situation to Mr. V. Randolph Gleason, the hospital's general counsel. Gleason investigated to determine which pharmacist had labeled the coumadin bottle. The letters "de" on the label led Gleason to conclude that DeLois Earlie had typed the label.

Mrs. Orebo died on November 4, 1981, from internal bleeding caused by the coumadin overdose. Hermann Hospital assumed financial responsibility for her death. Gleason instructed Jacobs to take

no disciplinary action against DeLois Earlie until after settlement negotiations were completed. In February 1982, the hospital settled the claim for Mrs. Orebo's death.

On March 5, 1982, Jacobs informed DeLois Earlie that disciplinary action would be taken against her because of her negligence in the Orebo case. DeLois Earlie was not terminated because of her satisfactory performance since the incident. Jacobs concluded, however, that she would be reprimanded and reassigned from the outpatient pharmacy to non-direct patient care activities, effective March 19, 1982. Plaintiff was prohibited from filling or labeling prescriptions or from having any personal contact with patients.

Plaintiff met with John H. Tatum, Senior Associate Director at Hermann Hospital, in March of 1982 to discuss her reassignment. He told her the reassignment was justified in light of the Orebo incident. Both Tatum and Jacobs denied pressuring DeLois Earlie to resign.

On April 7, 1982, DeLois Earlie informed the hospital that she would resign effective April 14, 1982. She alleged that she had been harrassed, falsely and maliciously accused of causing the death of a patient, and functionally demoted because of her race.

The district court found that the disciplinary action taken against plaintiff was taken for legitimate, non-discriminatory, job-related reasons. DeLois Earlie introduced insufficient evidence to support her claim that she was falsely and maliciously accused of misfilling the coumadin prescription because of her race, or that she was the victim of racially motivated verbal abuse and constructive discharge.

Plaintiff does not attack the district court's Findings of Fact and Conclusions of Law. Rather, plaintiff raises two procedural issues. First, plaintiff contends that the district court erred in granting defendants' motion to strike her jury demand. Second, she argues that the district court abused its discretion in denying her motion to amend her complaint.

## II. *Demand for jury trial*

■ Plaintiff argues that her claim for reinstatement and back pay, equitable in nature, is coupled with a claim for compensatory damages and punitive damages which is legal in character. By joining her equitable claim to her legal claim to form a single action, she argues she has not waived her right to a trial by jury. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Dairy Queen v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). All of the authorities cited by plaintiff stand for the propositions for which she asserts them. Her case, however, is directly controlled by *Lynch v. Pan American World Airways,* 475 F.2d 764 (5th Cir.1973).

In *Lynch,* this Court held that

> A claim for reinstatement is equitable in nature. The imposition of monetary damages to make the employee whole for lost backpay does not change the character of the proceeding and thereby mandate a jury trial.... Neither may the Plaintiff—by framing his prayer under § 1981 or by making unsupported allegations for compensatory and punitive damages—unilaterally alter the genre of the proceedings.

*Id.* at 765 (citations omitted).

The district court correctly concluded that plaintiff's claims for punitive damages were factually unsupported. Her case is squarely governed by *Lynch,* and the district court properly granted defendant's motion to strike plaintiff's jury demand.

This Court is bound by the precedent established in *Lynch. Compare Jones v. Birdsong,* 679 F.2d 24 (5th Cir.1982), *cert. denied,* 459 U.S. 1202, 103 S.Ct. 1186, 75 L.Ed.2d 433 (1983) with *Roscello v. Southwest Airlines Company,* 726 F.2d 217 (5th Cir.1984). We acknowledge that all the circuits do not agree with this approach. *See Novack Investment Company v. Setser,* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981) (Justices White, Brennan and Marshall dissenting from denial of

writ of certiorari). Nevertheless, plaintiff's case is directly governed by *Lynch*, and we affirm the district court.

### III. *Denial of Motion to Amend*

■ Plaintiff's original complaint was filed May 20, 1982. On May 18, 1983, the district court granted defendants' motion to strike plaintiff's jury demand. On June 1, 1983, at the district court's docket call, both plaintiff and defendants announced "ready." The case was not reached during the June term. On July 28, 1983, the court denied plaintiff's previously filed motion to reconsider the order striking plaintiff's jury demand. The parties were notified that the case would be called at the November 1, 1983, docket call. On October 11, 1983, the plaintiff filed a motion for leave to amend her complaint,[1] which was opposed. On November 1, 1983, both sides announced "ready" at docket call. The court orally denied plaintiff's motion for leave to amend her complaint.[2] The trial began on November 29, 1983.

Plaintiff, in her motion for leave to amend her complaint, sought to increase the amount of damages she was seeking, and delete her equitable claims for back pay and reinstatement. She urges that the district court abused its discretion by denying her motion. We disagree.

In *Ross v. Houston Independent School District*, 699 F.2d 218 (5th Cir.1983), this Court stated that the decision whether an amendment should be allowed rests with the district court.

> Once a responsive pleading has been filed, a pleading may be amended only by leave of court or by consent of the adverse party. Fed.R.Civ.P. 15(a). While "leave shall be freely given when justice

so requires," the decision rests in the sound discretion of the trial court..... Our review extends only to whether the trial court abused that discretion.

*Id.* at 228 (citations omitted).

In exercising its discretion, the district court should consider several factors. Among these factors, the court may consider whether the amendment would cause undue delay in the proceedings, undue prejudice to the non-movant, and whether the movant is acting in bad faith. *Id.* See *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir.1983); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 69, 78 L.Ed.2d 83 (1984).

■ Here there is ample evidence in the record to conclude that the amendment would delay the trial and prejudice the non-movant. Moreover, it is implicit that the purpose of plaintiff's amendment was to circumvent the district court's denial of a jury trial. As a purely tactical move, the amendment would add nothing of substance to the original allegations. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d at 1163. We conclude, therefore, that the district court did not abuse its discretion by denying plaintiff's motion for leave to amend her complaint.

### IV. *Conclusion*

The district court did not err in granting defendants' motion to strike plaintiff's demand for a jury trial. The facts of this case fall squarely within the holding of *Lynch*. Moreover, the district court did not abuse its discretion by denying plaintiff's motion for leave to amend her complaint.

---

1. Fed.R.Civ.P. 15(a) provides:

   A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

2. The court subsequently entered a written order on January 4, 1984.

The district court is AFFIRMED.