Duane L. MORGAN; Daniel W. Bottorff; Carl L. Groom; Richard W. Hoegh; David L. Bloss; Albert L. Grable; Kenneth P. Henderson; and Paul A. Newton, Appellants,

v.

The ST. JOSEPH TERMINAL RAILROAD COMPANY; the Union Pacific Railroad Co.; The Atchison, Topeka and Santa Fe Railway Co.; The Brotherhood of Railway and Airline Clerks, Appellees.

No. 86–1822.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1987.

Decided April 10, 1987.

---

Paul C. Sunderland, Cincinnati, Ohio, for appellants.

John Edmond, Washington, D.C., for Broth. of Ry. and Airline Clerks.

Leonard Singer, Kansas City, Mo., for Union Pacific R. Co. and St. Joseph Terminal R.R.

Ronald A. Lan, Chicago, Ill., for Atchison, Topeka and Santa Fe Ry. Co.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ROSS, Circuit Judge.

Eight former St. Joseph Terminal Railroad employees (plaintiffs/appellants) appeal from the district court's[1] order granting summary judgment in favor of the St. Joseph Terminal Railroad Company (Terminal), the Union Pacific Railroad Company (Union Pacific), the Atchison, Topeka and Santa Fe Railway Company (Santa Fe) (collectively referred to as the railroad defendants) and their union representative, the Brotherhood of Railway and Airline Clerks (BRAC). Appellants filed suit against their union representative alleging the union breached its statutory duty of fair representation in its negotiation of appellants' termination benefits pursuant to the closure of Terminal. Appellants' complaint against the railroad defendants charged that by denying appellants *New York Dock* benefits upon their dismissal, the railroads violated an Interstate Commerce Commission (ICC) order approving the merger of the Union Pacific and the Missouri Pacific. Furthermore, appellants alleged that the railroad defendants' abandonment of Terminal yard operations without ICC approval constituted a violation of 49 U.S.C. § 10903(a) (1982) of the Interstate Commerce Act.

The district court granted summary judgment in favor of the union on the unfair representation claim and dismissed without prejudice appellants' claims regarding violations of the ICC approval order and the Interstate Commerce Act based on the doctrine of primary jurisdiction. We affirm the judgment of the district court.

**I.**

For many years the St. Joseph Terminal Railroad Company provided terminal services in St. Joseph, Missouri for railroads, including its joint owners, the Union Pacific and the Santa Fe. These services included assembling and breaking up freight trains, delivering railroad cars to their final destination or to other railroads for final delivery, and performing numerous other functions incidental to these services. Although Terminal had at one time conducted some independent business, its primary operations in recent times had been to perform yard operations for Union Pacific and Santa Fe.

In 1980, Union Pacific applied to the Interstate Commerce Commission for approval to acquire the Missouri Pacific Railroad Company. In late 1982, the ICC approved the railroad consolidation with the express condition that all employees affected by the transaction would have the benefit of the employee protection benefits set forth in *New York Dock Railway—Control—Brooklyn Eastern Dist. Term.*, 360 I.C.C. 60 (1979) (*New York Dock*).

Following the railroad consolidation, Union Pacific and Missouri Pacific entered into an agreement whereby Missouri Pacific was to perform Union Pacific's St. Joseph Yard operations in place of the service that had previously been provided by Terminal. In consequence of such agreement, Terminal lost most of its business and was forced to dismiss many of its employees, eight of whom are plaintiffs in this suit.

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

In contemplation of appellants' termination, BRAC, the exclusive bargaining representative of Terminal employees, began negotiating an implementing agreement with Union Pacific. Although BRAC initially asserted that the closure of Terminal was merger related and that as such *New York Dock* benefits should apply, it later changed its position and began negotiating other protective benefits, apparently due to Union Pacific's assertion that seven or eight Terminal employees could legitimately be furloughed without any protective benefits at all under the "decline in business formula" of the BRAC and Union Pacific labor contract. BRAC also maintains the willingness to negotiate something other than *New York Dock* conditions was based on its belief that those employees who chose not to relocate in Omaha would be ineligible for protection under *New York Dock.*

On June 7, 1984, BRAC and Union Pacific reached a final agreement pursuant to which appellants would, upon cessation of Terminal operations, have the option of accepting employment with Union Pacific in Omaha or, as each of the appellants chose, receiving a lump sum separation allowance in the amount of approximately one year's pay or $35,000. Appellants argue that notwithstanding their refusal to relocate in Omaha and their acceptance of the $35,-000.00 settlement payment, they remained entitled to benefits under *New York Dock.* Their contention that BRAC's negotiation of the June 7 Agreement, which they argue was substantially less favorable than the *New York Dock* protective conditions,[2] provides the basis for the complaint in the instant suit.

## II.

Appellants first argue that BRAC breached its duty of fair representation in its negotiation of appellants' termination benefits. The gravamen of appellants' unfair representation claim is that BRAC breached its duty by negotiating termination benefits other than those benefits set forth in *New York Dock.* Appellants also argue the breach of duty is evidenced by BRAC's refusal to allow Terminal employees to attend the negotiations, their failure to investigate whether Union Pacific deceived BRAC in negotiations as well as misinforming Terminal employees concerning their rights under *New York Dock.*

 A breach of the statutory duty of fair representation occurs in either a grievance or negotiations setting when "a union's conduct is arbitrary, discriminatory, or in bad faith." *Smegal v. Gateway Food, Inc.,* 763 F.2d 354, 359 (8th Cir.1985). *See also Johnson v. The Airline Pilots in the Service of Northwest Airlines, Inc.,* 650 F.2d 133, 136–37 (8th Cir.), *cert. denied,* 454 U.S. 1063, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981). A union's conduct may be arbitrary "even though it acted in good faith and without any hostile motive." *Smegal, supra,* 763 F.2d at 359.

 The district court considered all of the evidence and found that appellants had not presented a genuine issue of material fact on the unfair representation claim and concluded that BRAC was entitled to a judgment as a matter of law. The district court determined that in the face of Union Pacific's threats that it could legitimately dismiss employees without any protective benefits, and appellants' inability to prove otherwise, BRAC's decision to negotiate other than strict *New York Dock* conditions did not amount to unfair representation. Moreover, the court found that the union's belief that *New York Dock* was inapplicable to those employees who refused to relocate was not unreasonable or arbitrary in light of the recent pattern of rulings handed down by the ICC. The ICC has ruled that employees may be compelled to relocate or risk forfeiting their rights to protective benefits. *Norfolk & Western Ry. Co. —Purchase—Illinois Terminal R. Co.,* 363 I.C.C. 882, 889–90 (1981); *CSX Corp.— Control—Chessie and Seaboard C.L.I.,*

---

**2.** If *New York Dock* had been applicable, appellants might have been eligible to receive up to six years' pay. *New York Dock, supra,* 360 I.C.C. at 84, 86.

363 I.C.C. 518, 589–90 (1980). The district court concluded, therefore, that the union's negotiation of something other than *New York Dock* benefits was not unreasonable, arbitrary or in bad faith and did not constitute a breach of its duty of fair representation.

■ We affirm the district court's grant of summary judgment in favor of BRAC. In doing so, we will not engage in extended analysis but instead rely on the analysis set forth in the well-reasoned opinion by the district court.

We have also considered appellants' challenges to the district court's dismissal of Counts I and II pursuant to the doctrine of primary jurisdiction. Count I alleges a violation of the ICC merger approval order by denying appellants the protection of *New York Dock* benefits. Count II alleges that Terminal was abandoned in violation of the Interstate Commerce Act due to the failure of Union Pacific and Santa Fe to obtain prior ICC approval as required by 49 U.S.C. § 10903(a) of the Act.

The district court dismissed without prejudice Counts I and II finding that the doctrine of primary jurisdiction is generally applicable in cases alleging violations of ICC orders, *Anderson v. United Transportation Union,* 557 F.2d 165, 168 (8th Cir. 1977), or the Interstate Commerce Act, *Chicago & North Western Transportation Co. v. Kalo Brick and Tile Co.,* 450 U.S. 311, 323, 101 S.Ct. 1124, 1133, 67 L.Ed.2d 258 (1981). Because it is best left to the ICC to determine in the first instance whether such violations have occurred, we affirm the district court's dismissal of the allegations set forth in Counts I and II.

### III.

In conclusion, this court finds that the district court did not err in granting summary judgment in favor of BRAC on the unfair representation claim. In addition, we affirm the dismissal of Counts I and II pursuant to the doctrine of primary jurisdiction.