STATE FARM INSURANCE COMPA-
NIES, a/s/o James Klopp and Amy
Klopp, Plaintiff–Appellant,

James Klopp and Amy Klopp, Third–
Party–Defendants–Counter–
Claimants–Appellants,

v.

KOP–COAT, INC., Defendant–Third–
Party–Plaintiff–Cross–Claimant–
Appellee,

McWhorter Technologies, Inc.,
Defendant–Cross–
Defendant.

No. 05–1019–cv.

United States Court of Appeals,
Second Circuit.

May 19, 2006.

Mark L. Antin, Gennert, Kallmann, Antin & Robinson, P.C., Parsippany, NJ., for Appellants.

Michael B. Sena, Herzfeld & Rubin, P.C., New York, NY., for Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JON O. NEWMAN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant State Farm Insurance Company, as subrogee of James Klopp and Amy Klopp, and Third–Party–Defendants–Counter–Claimants–Appellants James Klopp and Amy Klopp (collectively, the "Appellants"), appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*), granting Defendant–Appellee Kop–Coat, Inc.'s ("Kop–Coat") motion for summary judgment based on federal preemption of Appellants' claims under the Federal Hazardous Substances Act (FHSA), 15 U.S.C. § 1261 *et seq.*, and denying Appellants' subsequent motion to amend their complaint to state a misbranding claim under the FHSA. We assume familiarity with the underlying facts and procedural history.

Appellants did not in their opening brief challenge the district court's grant of summary judgment to Kop–Coat because Appellants' state law failure to warn tort claims were preempted by the FHSA. Accordingly we consider the issue waived and do not address it here. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Appellants first argue that their complaint should have been liberally construed to include a cause of action under the FHSA. However, as the district court ruled, failure to warn and FHSA "misbranding" are distinct claims, yet Appellants "make[ ] no mention of the FHSA anywhere in [their] pleadings or interrogatories." Appellants further argue that the district court should have granted their motion to amend their complaint to state a misbranding claim under the FHSA. Appellants filed their motion to amend after the district court's summary judgment ruling, and after Appellants erroneously filed a premature notice of appeal (which was subsequently dismissed without prejudice).

We review the denial of leave to amend a complaint for abuse of discretion. *See Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir.2002). Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Jin*, 310 F.3d at 101; *see also Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 58 (2d Cir.1984) ("[C]onsiderations of undue delay . . . and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend."), *quoted in O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 70 (2d Cir.2002).

As is particularly relevant here, a court has discretion to deny leave to amend where the motion is made "after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment

38

would prejudice other parties, or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir.2000) (internal quotation marks and citations omitted); While delay alone, unaccompanied by an additional "declared reason" such as prejudice to the opposing party, usually does not warrant denial of leave to amend, *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir.1995), "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) (internal quotation marks omitted).

■ We find no abuse of discretion. Appellants' motion to amend was submitted four years after commencement of this action, almost one year after the close of discovery, and five months after the district court's summary judgment ruling. Throughout the course of this lengthy litigation, Appellants had numerous opportunities to amend their complaint to state a misbranding claim under the FHSA, but inexplicably failed to do so. Since November 8, 2000, Appellants were on notice from Kop–Coat's Answer that Kop–Coat might assert a federal preemption defense. Also, in its July 20, 2001 response to Appellants' interrogatories, Kop–Coat highlighted the fact that its product is subject to the FHSA. In addition, on November 21, 2003, Kop–Coat questioned Appellants' expert Stephen B. Wilcox at his deposition about his familiarity with the FHSA, whether he was an expert on the FHSA, and whether the warning label on Kop–Coat's product was governed by the FHSA. Despite these clear warnings throughout the litigation that the FHSA was at the very least relevant to their case, Appellants never moved to amend their complaint to state a FHSA misbranding claim.

Moreover, in a December 23, 2003 joint pre-trial memorandum, Appellants described their own case as if it were based on a theory that Kop–Coat's label violated the FHSA. However, Appellants offer no explanation why they did not move to amend their complaint at this time so that their complaint would actually state a claim under the FHSA. Furthermore, though Appellants raised the FHSA misbranding issue in their opposition to Kop–Coat's motion for summary judgment, they did not move to amend their complaint in response to Kop–Coat's motion. *Cf. Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110–14 (2d Cir.2001) (reversing denial of motion to amend complaint filed in response to defendant's summary judgment motion). Thus, Appellants' own filings make it difficult for us to comprehend why they did not file their motion to amend sooner.

As for the issue of undue prejudice to Kop–Coat, the district court found that Appellants' untimely misbranding claim under the FHSA would require additional discovery (and possible expert testimony) on the scope and breadth of the labeling requirements of the FHSA, the sufficiency of Kop–Coat's label under the FHSA, and the principal hazards of Kop–Coat's product. Though a state law failure to warn claim and a FHSA misbranding claim have similar elements, the specific technical requirements created by the FHSA and its implementing regulations would have been a legitimate and important area of discovery that Kop–Coat had no reason to explore and investigate absent a specific claim by Appellants. *See generally* 15 U.S.C. § 1261(p); 16 C.F.R. § 1500.121. Thus, when viewed in the context of the extreme tardiness of Appellants' motion to amend, we do not believe that the district court abused its discretion in concluding that this additional discovery would be an undue hardship on Kop–Coat. *See, e.g.,*

*Ansam Assocs. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (observing that amendments tend to be "especially prejudicial" when discovery has been completed and a motion for summary judgment filed).

Because we affirm the denial of Appellants' motion to amend their complaint, we do not reach the district court's evidentiary rulings regarding Appellants' expert witness and Appellants' spoliation of evidence. We also have considered Appellants' alternative argument that their complaint should have been construed as stating a misbranding claim under the FHSA, and we find it to be without merit.

For the reasons stated above, the judgment of the district court is AFFIRMED.