Brown v. Fisher

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand twelve.

Present:

        AMALYA L. KEARSE,
        ROBERT A. KATZMANN,
            *Circuit Judges,*
        JOHN GLEESON,
            *District Judge.*[*]

---

KINGSLEY BROWN,

        *Plaintiff-Appellant*,

        v.                         No. 11-1461

BRIAN FISHER, COMMISSIONER, N.Y.S.
DEPARTMENT OF CORRECTIONS,[**]
        *Defendant-Appellee.*

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

[**] Although Defendant-Appellee spells his name "Fischer," his name has been misspelled in this litigation as "Fisher." "Because legal research catalogs and computers are governed by the principle of consistency, not correctness, we feel constrained to adhere to the erroneous spelling." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 555 n.* (1980).

For Plaintiff-Appellant:        Kingsley Brown, *pro se*, Woodbourne, NY.

For Defendant-Appellee:        Eric T. Schneiderman, Attorney General of the State
                               of New York (Barbara D. Underwood, Solicitor
                               General, Nancy A. Spiegel, Senior Assistant Solicitor
                               General, Martin A. Hotvet, Assistant Solicitor
                               General, *on the brief*), Albany, NY.

Appeal from a judgment of the United States District Court for the Northern

District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kingsley Brown, *pro se*, appeals a judgment entered February 9,

2011, by the United States District Court for the Northern District of New York (McAvoy,

*J.*) granting summary judgment in favor of the Defendant-Appellee Brian Fischer on

plaintiff's claim brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity

with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment *de novo*; the moving

party must demonstrate that there is no genuine issue as to any material fact such that the

moving party is entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson,*

*LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of

material fact, this Court is "required to resolve all ambiguities and draw all permissible

factual inferences in favor of the party against whom summary judgment is sought." *Terry*

*v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary

judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). We have conducted a *de novo* review of the record in

light of the above standards and now affirm for substantially the same reasons set forth by

2

the magistrate judge in his December 8, 2010 report and recommendation, which was adopted in its entirety by the district court.

Brown argues additionally that the district court erred in denying him leave to amend his complaint. The district court, however, "has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). Here, Brown failed to move for leave to amend his complaint before the close of discovery or after receiving Fischer's summary judgment motion, which specifically argued that Fischer was an improper defendant. Instead, Brown requested leave to amend his complaint and reopen discovery when he filed his objections to the report and recommendation, more than eight months after the summary judgment motion had been filed, a year after discovery had closed, and almost two years after the initial complaint had been filed. In light of these circumstances, we conclude that the district court did not abuse its discretion in denying Brown's request for leave to amend. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201-02 (2d Cir. 2007) (affirming district court's denial of plaintiffs' motion for leave to amend complaint two months after discovery had closed and nearly two years after the filing of the original complaint).

We have considered all of Brown's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3